## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Carlos D. Velasquez

December 22, 2003

Case No. (Criminal) 99115

By Judge Marcus D. Williams

This matter is before the Court on the Defendant Carlos Velasquez's Motion to Overturn His Conviction. On May 7, 2001, the Defendant pleaded guilty to embezzlement.

The Defendant contends that his rights under the Interstate Agreement on Detainers Act ("hereinafter IAD") were violated by the Commonwealth of Virginia on two separate occasions and, therefore, his embezzlement conviction should be overturned. The Defendant states that the first violation occurred on April 4, 2002, while he was in the "temporary custody" of the Commonwealth and was arrested on two outstanding warrants issued by the City of Alexandria. The Defendant suggests that the second violation occurred on May 13, 2002, while he was still in the "temporary custody" of the Commonwealth and was made to serve part of his state imposed sentence.

The procedural history of this case is important in order to fully understand why the Defendant believes that he is entitled to relief pursuant to the IAD. On May 7, 2001, the Defendant pleaded guilty to embezzlement and the Court continued the case for sentencing until July 13, 2001. On July 13, 2001, the Defendant did not appear and a bench warrant was issued. The Court was later informed that the Defendant was in a federal prison in Petersburg, Virginia, and was serving a sentence. Based upon this information, on July 27, 2001, the Court ordered that a bench warrant be issued and lodged as a detainer. On February 14, 2002, pursuant to the Interstate Agreement on Detainers Act, the Defendant requested final disposition of the detainer lodged against him in Fairfax, Virginia. On April 8, 2002 the Defendant appeared

before this Court to set a hearing date for sentencing, which was set for May 10, 2002. At the sentencing hearing, the Defendant was sentenced to five years, of which four years and six months were suspended.

The Defendant argues that his rights under the IAD were violated because at the time of the two above-mentioned occurrences, the Commonwealth was only the "receiving state" and as such only had "temporary custody" of the Defendant while the "sending state," which was the Federal Government, retained jurisdiction over the Defendant. The Defendant relies upon *Alabama v. Bozeman*, 533 U.S. 146, 150 L. Ed. 2d 188, 121 S. Ct. 2079 (2001), to support his argument that the Commonwealth, as the "receiving state," did not have the authority to arrest the Defendant nor have him serve any part of his State imposed sentence. Accordingly, the Defendant requests that the Court overturn his embezzlement conviction.

The basis for the Defendant's request is unfounded. The Defendant's rights under the IAD were not violated when two arrest warrants were delivered to him while he was in the "temporary custody" of the Commonwealth. However, even assuming for argument sake that the above action violated the Defendant's rights under the IAD, there is still no basis for overturning his conviction.

The only provision that addresses the dismissal of charges under the IAD is Va. Code Ann. § 53.1-210, Article III(d), which addresses a situation in which a prisoner has requested that a final disposition be made pursuant to the IAD. The provision states in relevant part:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

This clause of the provision is of importance, as it requires a trial on any indictment, information, or complaint prior to the Defendant's return to federal prison in Petersburg, Virginia. Here, the Defendant had already been tried in Fairfax prior to his detention in federal prison. Therefore, if the Defendant desires the dismissal of any indictment, information, or complaint, it would not be in regards to his embezzlement conviction before this Court as the Defendant had already been convicted and was awaiting sentencing. Furthermore, the Defendant does not allege in his motion that he was returned to the federal prison in Petersburg, Virginia, prior to his final disposition in Fairfax, Virginia.

However, assuming for argument sake that the arrest warrants from Alexandria would in any way affect the Defendant's prior conviction in Fairfax, the Defendant's argument still fails, as he would not be afforded protection under the IAD:

Once "a detainer has been lodged against [such] prisoner [by the receiving state,] he shall be brought to trial within 180 days after he shall have caused to be delivered [by the sending state] to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction ... his request for a final disposition. ..." of the pending charges, together with the requisite supporting documentation from the sending state. Code § 53.1-210, Art. III(a) and (b). ...

A "detainer" contemplated by the IAD is "a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction."

*Miller v. Commonwealth*, 29 Va. App. 625, 631, 513 S.E.2d 896 (1999).

In *Miller*, an arrest warrant that was faxed and then delivered to the defendant in jail was not considered to be lodged with the institutional authority designated by the IAD, and therefore, did not constitute a detainer under the IAD. The facts in the present case are similar to the facts in *Miller* in that the Defendant was delivered copies of arrest warrants, and there is nothing in the record to indicate that these warrants were filed with an institution in which the Defendant was serving a sentence. Moreover, it should be noted that the Defendant was not serving a sentence in Fairfax, but was only in "temporary custody" in order to obtain a final disposition of his prior embezzlement conviction.

Contrary to the Defendant's position, his rights under the IAD were not violated when the Defendant was required to provide a blood sample pursuant to Va. Code Ann. § 19.2-310.2 and § 19.2-310.3. Va. Code Ann. § 19.2-310.2 states that a blood sample is taken from every person convicted of a felony for DNA analysis in order to determine identification characteristics specific to the person. Nothing in this statute states or contemplates that the function of taking blood samples from a convicted felon is to serve as part of his sentence, but rather for identification purposes only. Furthermore, the statute is not penal in nature, *Ewell v. Murray*, 11 F.3d 482 (4th Cir. 1993), and, therefore, requiring the Defendant to provide blood samples for identification purposes is procedural in nature, not a penalty for being convicted.

The Defendant's Motion to Overturn His Conviction is hereby denied.